HOWIE CO. *v.* FIBRE PACKAGE CO.

1. TRIAL—EVIDENCE—INSTRUCTIONS—APPEAL AND ERROR.
   In an action for the contract price of laying a roof on defendant's building and for the cost of relaying part thereof damaged by fire, wherein defendant sought to recoup damages to the building by fire claimed to have been

caused by plaintiff's negligence, *held*, not reversible error for the trial court to allow plaintiff's counsel to read to the jury the clause in the contract requiring defendant to keep the building insured, in view of the fact that defendant's counsel read another section of the contract to the jury and the trial judge limited plaintiff's right to recover on grounds wholly independent of the quoted clauses of the contract.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.
    The question of plaintiff's negligence in causing the fire, *held*, properly one for the jury under the evidence.

Error to Wayne; Cross (Orien S.), J., presiding. Submitted October 19, 1923. (Docket No. 78.) Decided December 19, 1923.

Assumpsit by the Howie Company against the Fibre Package Company on a building contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lucking, Helfman, Lucking & Hanlon,* for appellant.

*Kerr & Lacey,* for appellee.

CLARK, J. Under a written contract plaintiff laid a roof for defendant. During the progress of the work, the building was damaged by fire. Plaintiff relaid the roof over the damaged area. Plaintiff sued for the agreed price and for the cost of relaying. Defendant, claiming that the fire had been caused by plaintiff's negligence, sought to recoup the amount of the damage caused by the fire. Whether plaintiff was guilty of negligence proximately causing the fire was submitted to the jury under proper instructions, and the jury were instructed that in case they found for defendant on the question of negligence they should set off against plaintiff's claim the amount of damage claimed by defendant. Plaintiff had verdict for the full amount. On motion, the court ordered

a new trial unless plaintiff chose to remit the amount claimed for relaying. Plaintiff remitted and had judgment for the remainder. Defendant brings error.

The standard form contract, properly received in evidence, included a standard form of general conditions and certain general specifications, most of which have no relation to the subject-matter of the contract. One condition, Art. 21, is, in part:

"The owner shall effect and maintain fire insurance upon the entire structure * * * and upon all materials, in or adjacent thereto and intended for use thereon. * * * loss * * * payable to the owner as trustee for whom it may concern."

Counsel for defendant contended that plaintiff was in no way benefited by such condition. The trial judge took that view, as his charge indicates. Defendant claims prejudice because plaintiff's counsel read this condition to the jury and stated that it was defendant's duty to insure the property. But counsel for defendant by way of reply read Art. 21 and another condition of the contract to the jury. For this reason, and for the further reason that the trial judge in his charge clearly and certainly limited the right of plaintiff to recover on grounds wholly independent of the quoted condition, we decline to hold the matter to be reversible error.

Defendant also contends that the trial judge ought to have instructed the jury that the fire was caused by plaintiff's negligence. A careful reading of the record satisfies us that the trial judge in no way favored plaintiff in holding that the question respecting plaintiff's claimed negligence was for the jury.

We find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.